■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HALL, Also Known as LEROY THOMAS, Appellant.—Judgment, Supreme Court, Bronx County, rendered on December 9, 1975, affirmed. Concur—Evans, Lane and Markewich, JJ.; Murphy, P. J., dissents in part in the following memorandum: At the time of sentencing there was a rape charge pending against the defendant in New York County. In imposing sentence, the court stated that "the sentence that I'm imposing will include also the penalty for that rape case". Subsequently, in imposing the subject sentence, the court

---

averred that "The sentence that I impose covers as well New York County indictment number 2354 of 1974 [the rape charge]". The court then, *inter alia*, imposed two indeterminate terms of imprisonment with a minimum of 25 years and a maximum of life on the two murder counts. These terms of imprisonment were the maximum permitted by law (Penal Law, § 70.00, subd 2, par [a]; subd 3, par [a], cl [i]; Penal Law, § 125.25). Based upon the sentencing court's initial remark, the defendant contends that he, in fact, received additional punishment for a rape indictment which was eventually dismissed. The prosecution, on the other hand, maintains that the rape indictment was merely "covered" by the subject sentence. Presumably, the prosecution means that the court merely took cognizance of the rape indictment, as part of defendant's criminal history, in imposing sentence. In view of the fact that the defendant has received the most severe punishment permitted by law, we should not speculate, on review, as to exactly what the court intended to do or did in sentencing the defendant. If the court actually erred by imposing an additional sentence for the dismissed rape indictment, the defendant will be unfairly forced to serve many unnecessary years of incarceration. Therefore, for the ambiguities in the sentencing minutes, I would reverse the judgment and remand this matter for resentencing.